IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Criminal Action No. 7:17-cr-00085 |
| SHANNON MABRY HOPKINS, | ) ) | By:  Elizabeth K. Dillon |
| Defendant. | ) ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

In 2018, Shannon Mabry Hopkins pleaded guilty to one count of possessing a firearm in furtherance of a drug trafficking crime and one count of conspiracy to distribute methamphetamine.  (Dkt. No. 72.)  The court sentenced Hopkins to thirty months on the conspiracy count and sixty months on the firearm possession count, to run consecutively.  Now before the court is Hopkins' motion to vacate or correct her sentence under 28 U.S.C. § 2255. Hopkins raises four claims, one of which is that her attorney failed to file an appeal on her behalf.  For the reasons stated below, the court will refer this matter to United States Magistrate Judge Hoppe for a hearing on this claim to determine whether Hopkins unequivocally directed her attorney to appeal her conviction.

I.  BACKGROUND

An investigation into methamphetamine trafficking led to controlled purchases from Hopkins, and on June 30, 2017, police executed a search warrant on Hopkins' residence.  In the course of the search, police discovered a Browning .22 caliber semi-automatic handgun, $5,532 in United States currency, three plastic bags containing a crystal substance, a FedEx box

containing eleven ounces of crystal methamphetamine, three cell phones, and two drug ledgers. Hopkins admitted that she had been buying and selling one half ounce to four ounces of methamphetamine a week for the previous one to two months.

Hopkins was indicted on December 21, 2017, and charged with conspiracy to distribute 500 grams or more of methamphetamine, distribution of methamphetamine, and possession with the intent to distribute various quantities of methamphetamine, as well as possessing a firearm in relation to a drug trafficking crime. Hopkins pled guilty to the lesser included offense of count one—conspiracy to distribute a measurable quantity of a mixture containing methamphetamine—–and count four, possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Hopkins' plea agreement included an appeal waiver and a waiver of the right to file a collateral attack, subject to certain exceptions. (Dkt. No. 72.)

## II.  ANALYSIS

### A.  Section 2255

Under § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *Id.* § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). An evidentiary

hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000).

### B. Failure to Note an Appeal

Hopkins raises four claims in her motion, but the court will focus on one claim in this opinion and order: Hopkins' claim that her attorney, Robert Hagan, did not file an appeal on her behalf. The "[f]ailure of an attorney to file a requested notice of appeal from a criminal conviction is per se ineffective assistance of counsel." *United States v. Dalton*, 132 F. App'x 433, 435 (4th Cir. 2005) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000)). This principle applies "regardless of whether the defendant has signed an appeal waiver." *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019).

In her motion, Hopkins asserts that her attorney "failed to file an appeal for defendant when she wanted one" and that she "was not given any information about the possibility of an appeal." (Hopkins' Mot. 8, Dkt. No. 131.) Hopkins signed and dated her motion under penalty of perjury. (*Id.* at 12.) The government moved to dismiss and contacted attorney Hagan,[1] who responded as follows:

> I presented the Plea Agreement to Ms. Hopkins in the Roanoke City Jail on April 17, 2018. I did not keep any written notes on this occasion. I discarded my markup copy of the Plea Agreement.
>
> In presenting a Plea Agreement to a client, it is my custom to highlight the provisions for waiver of appeal and waiver of collateral attack; and to explain these provisions to my client. I do not recall whether or not I followed my custom in Ms. Hopkins' case.
>
> I wrote Ms. Hopkins a post-sentencing letter dated July 25, 2018 in which I stated that she could file an appeal; that in my opinion there

---

[1] On July 2, 2019, Magistrate Judge Ballou issued an order waiving the attorney-client privilege as to this claim. (Dkt. No. 145.) The referral of the case was later transferred to Magistrate Judge Joel C. Hoppe. (Dkt. No. 148.)

> were no grounds for appeal; and that I would give her further advice if she wished. A copy of this letter is enclosed.
>
> I have no record, nor any recollection of any other communication with Ms. Hopkins regarding her right to appeal.

(Dkt. No. 146-2.) The letter referenced by Hagan stated, in pertinent part, that sometimes "a defendant will want to note an appeal 'just because'; even though there are no grounds. I can give you advice if you wish to do so." (Dkt. No. 146-1.)

When a § 2255 movant asserts an ineffective assistance of counsel claim based on counsel's failure to note an appeal, the district court generally must hold an evidentiary hearing before finding that the movant did not unequivocally instruct counsel to file a notice of appeal. *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007). Hopkins' statement that Hagan "failed to file an appeal . . . when she wanted one" is not particularly strong, and it is somewhat undermined by Hagan's statement that he told Hopkins that she could file an appeal if she wanted. Nonetheless, the court finds that an evidentiary hearing is necessary to evaluate whether Hopkins unequivocally instructed Hagan to file a notice of appeal. *See United States v. Diaz*, 547 F. App'x 303, 304 (4th Cir. 2013) ("In light of Diaz's claim, under penalty of perjury, that counsel failed to honor his request to file a notice of appeal and counsel's conflicting affidavit denying that Diaz asked him to note an appeal, the record did not conclusively show that Diaz was not entitled to relief."). The court will refer this matter to Magistrate Judge Hoppe for appointment of counsel, an evidentiary hearing, and the issuance of a report and recommendation on this issue. *See* Rule 8(b), (c), Rules Governing Section 2255 Proceedings.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that this matter is REFERRED to United States Magistrate Judge Joel C. Hoppe for further proceedings, pursuant to Rule 8 of the

Rules Governing Section 2255 Proceedings and 28 U.S.C. § 636(b), for a report and recommendation on the issue of whether Hopkins unequivocally directed her attorney, Robert Hagan, to file an appeal on her behalf.

    Entered: June 8, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge