IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:17-cr-00085 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| SHANNON MABRY HOPKINS ) | United States District Judge |

**MEMORANDUM OPINION**

On October 26, 2020, the court issued an order denying defendant Shannon Mabry Hopkins' motion for compassionate release. (Dkt. No. 176.) Before the court is Hopkins' renewed motion for compassionate release. (Dkt. Nos. 178, 184.) Hopkins' motion is based, in part, on her being diagnosed with breast cancer after the court denied Hopkins' initial compassionate release motion.

The court ordered the Federal Public Defender (FPD) to file a supplement to Hopkins' motion (Dkt. No. 180), which was filed on January 29, 2021. (Dkt. No. 184.) The government filed a response on February 5 (Dkt. No. 189), and the FPD filed a reply on February 21, (Dkt. No. 192.) For the reasons stated below, the court will grant Hopkins' motion.

I. BACKGROUND

Hopkins was indicted on December 21, 2017, and charged with conspiracy to distribute 500 grams or more of methamphetamine, distribution of methamphetamine, and possession with the intent to distribute various quantities of methamphetamine, as well as possessing a firearm in relation to a drug trafficking crime. In 2018, Hopkins pled guilty to the lesser included offense of count one—conspiracy to distribute a measurable quantity of a mixture containing methamphetamine—and count four, possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On July 24, 2018, the court sentenced Hopkins to thirty

months on the conspiracy count and sixty months on the firearm possession count, to run consecutively. Hopkins is 44 years old, and her projected release date is May 27, 2024.

Hopkins has sleep apnea, suffers from rheumatoid arthritis, and is considered obese. Hopkins takes methotrexate for her arthritis, which suppresses her immune system. In November 2020, Hopkins was diagnosed with breast cancer—now a category 4 mass in her left breast. (Dkt. Nos. 188-1, 188-2.)

Until recently, Hopkins was being held at the Bureau of Prisons facility at Alderson, West Virginia. On January 21, 2021, the BOP transferred Hopkins to FMC Carswell in Fort Worth, Texas, the BOP's medical facility for women. Hopkins argues that the COVID-19 situation at FMC Carswell is significantly worse than most other BOP facilities. (Def.'s Supp. Mot. 4, Dkt. No. 184.) The BOP's COVID-19 website page reports 15 active inmate cases and three active staff cases at FMC Carswell as of February 22, 2021. *See* Bureau of Prisons, *Covid-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (February 22, 2021).

The court denied Hopkins' first motion for compassionate release because even though, as the government conceded, her medical conditions (minus her later breast cancer diagnosis) subjected her to an increased risk from COVID-19, Hopkins did not show a particularized risk of contracting COVID-19 because there were no positive tests at FPC Alderson. (Dkt. No. 176 at 4–5.) The court also noted that, even if she had shown such a risk, it would have denied the motion in light of the lengthy amount of time left on Hopkins' sentence, the dangerousness of her offenses to the community, and her considerable criminal history. (*Id.* at 5–6.)

Hopkins now requests a reduction in her sentence to time served with a condition of home confinement following her release. Hopkins has a plan to live with her mother in Roanoke.

II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

3

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons. U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. The court has previously found that § 3582's exhaustion requirement is not a jurisdictional bar but is a claims-processing rule that may be waived. *See United States v. Brown*, Criminal No. 7:19-cr-00036, 2020 WL 4506798, at *3 (W.D. Va. Aug. 5, 2020). Here, the government concedes that Hopkins has exhausted her administrative rights within the Bureau of Prisons. Therefore, the exhaustion requirement does not stand in the way of granting relief to Hopkins.

**C. Extraordinary and Compelling Reasons**

As before, Hopkins argues that she is at a heightened risk for serious illness from COVID-19 because of her health conditions, including her new breast cancer diagnosis. Hopkins also argues that her recent transfer of facilities has interfered with her cancer treatment.

Hopkins was placed in quarantine for fourteen days upon her arrival at FMC Carswell, which ended on February 5, 2021. She contends that there has been "no provision" for her cancer treatment at the new facility. (Def.'s Supp. Mot. 4.) Thus, Hopkins asks to be released so she can live with her mother in the Roanoke area and receive treatment with the oncology team at Lewis Gale Hospital.[1]

The government disputes Hopkins' argument that the BOP is not providing her with cancer treatment.[2] However, the government concedes, and the court agrees, that Hopkins' medical conditions, combined with the presence of active cases at FMC Carswell, constitute extraordinary and compelling circumstances.

**D. Section 3553(a) Factors**

Under § 3553(a), the court considers the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide needed correctional treatment, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

In its October 26, 2020, memorandum opinion and order, the court noted that Hopkins' sentence was not scheduled to expire until May of 2024; that her original sentence was imposed to reflect the dangerousness of her offenses to the community, which involved a large amount of methamphetamine, and the use of a firearm in connection to the drug crime; and that Hopkins has a considerable criminal history, including assault and battery, failure to appear, and contempt

---

[1] Hopkins' sister writes that she has arranged an appointment for Hopkins at Lewis Gale oncology for March 15, 2021, which has now been rescheduled for March 1, 2021.

[2] In her reply brief, Hopkins states that as of February 21, 2021, no chemotherapy has been performed. The only procedure that has been implemented is the implantation of a medical port.

of court. Thus, the court denied the motion "in order to protect the public, afford adequate deterrence, and reflect the seriousness of the offense." (Dkt. No. 176 at 5–6.)

It is now four months since the court denied Hopkins' first motion. Circumstances have changed. At this point, Hopkins is facing a lengthy course of treatment for her cancer. Moreover, Hopkins requests that she be released to a period of home or hospital confinement, as appropriate, and United States Probation Officer Sara Morehead has investigated and approved a home plan for Ms. Hopkins. (Hopkins Reply 1, Dkt. No. 192.) The plan involves Hopkins living with her mother, Brenda Aldredge, in Roanoke, where no one else lives but Ms. Aldredge. There will be no firearms in the home, no illegal drugs, and Ms. Hopkins' medication will be kept in a safe. Thus, the public will be protected from further crimes both by Hopkins' medical condition, which will render her home or hospital bound for the foreseeable future. Hopkins' term of home detention will include restricting her to her mother's residence, except for very limited reasons, and will include monitoring.

Given these significantly changed circumstances, the passage of additional time, and with a modification of the conditions of supervised release to include home detention for a term of six months, the court finds that the § 3553(a) factors support Hopkins' compassionate release and that Hopkins does not present a danger to the public, *see* 18 U.S.C. § 3142(g).

### III.  CONCLUSION

For the reasons stated above, Hopkins' motion for compassionate release will be granted. The court will issue an appropriate order.

Entered: February 24, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge